*J. L. Mayson, C. S. Winn,* for defendant.

---

18211. JOHNSON *v.* GEORGIA RAILWAY & POWER COMPANY.

JENKINS, P. J. Under the ruling of this court on the former hearing of this case, the court did not err in directing a verdict for the defendant.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED JANUARY 16, 1928.

Action for damages; from Cobb superior court—Judge John S. Wood. May 7, 1927.

STATEMENT OF FACTS BY JENKINS, P. J.

Johnson sued the Georgia Railway & Power Company for damages on account of personal injuries alleged to have been sustained when a mule he was driving to a buggy became frightened at certain materials placed by the defendant on land which it had condemned, in or near a private roadway which the plaintiff was traveling, and ran away, throwing the plaintiff and his wife out of the buggy. On the former hearing this court reversed the judgment of the court below awarding damages in the sum of $500 to the plaintiff, and held that the evidence failed to show that the defendant was guilty of negligence such as would render it liable for the injury to the plaintiff. See *Georgia Ry. & Power Co.* v. *Johnson,* 34 *Ga. App.* 458 (129 S. E. 891). The proof on the trial of the instant case was substantially the same as that on the former trial. The plaintiff, after the former trial and judgment of this court, amended his petition and alleged that he retained his right of ingress and egress to and from his home over the private road along which the material was placed by the defendant, and along which he was traveling at the time of the runaway, after the condemnation of the right of way by the defendant; that the defendant had not prepared and did not intend to put up any poles for its power line near where the material at which the mule became

frightened was placed, and that it·was not necessary to place the material there in order to carry on the construction of the defendant's power line, and that none was to be used within fifty yards of the place; that the pile of materials placed upon or near the roadway by the defendant was calculated to frighten a mule of reasonable gentleness and cause it to run away, and that the defendant's agents and servants knew it was so calculated, or by the exercise of ordinary care and prudence could have known it; that, "there being no necessity for piling up these cross-arms, poles, insulators and other material at this place, the piling the same in the road of plaintiff was gross negligence on the part of defendant, its agents and employees;" and that such act of the defendant was the proximate cause of the plaintiff's injury. It is not alleged by the petition, or by the amendment, that the work of placing the materials to be used in constructing its power line at the place where they were located was negligently done, but it is alleged that the defendant was negligent in placing them there at all. It appears from the testimony of one of plaintiff's witnesses that the materials placed by the defendant in or near the roadway "were the usual, necessary things to put up telephone lines or electric wires;" that it was about 20 or 25 yards from the place where the materials were to the nearest pole put up by the defendant, and that, at the time of the injury to plaintiff, the defendant was engaged in building an electric-power line across the land of the plaintiff and other land in the near vicinity of the place where the materials were located.

*Mozley & Gann, H. B. Moss,* for plaintiff.

*Colquitt & Conyers, Jerome Jones Jr., John T. Dorsey,* for defendant.